**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 29 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARVIN BROWN,

        Plaintiff - Appellant,

v.

CENTRAL NEW MEXICO
CORRECTIONAL FACILITY; JOE
WILLIAMS, Warden, Central New
Mexico Correctional Facility; KEVIN
R. WIGGINS, Captain; JOSE
ROMERO, Captain; EDWARD
CHAVEZ,

        Defendants - Appellees.

No. 97-2294

(D. New Mexico)

(D.C. No. CIV-97-825-BB)

---

MARVIN BROWN,

        Plaintiff - Appellant,

v.

DAN RAMIREZ; JOYCE
TERRASAS; PROBATION AND
PAROLE DEPARTMENT,

        Defendants - Appellees.

No. 98-2051

(D. New Mexico)

(D.C. No. CIV-98-40-BB/JHG)

---

MARVIN BROWN,

        Plaintiff - Appellant,

    v.

CITY OF ALBUQUERQUE; ROSS C. SANCHEZ, Judge; BRUCE MCALLISTER, A.P.D. Officer; VERNON WILSON; DAN RAMIREZ; JOYCE TERRASAS, Probation and Parole Department; RUDY SANCHEZ; ALBUQUERQUE POLICE DEPARTMENT,

        Defendants - Appellees.

No. 98-2052

(D. New Mexico)

(D.C. No. CIV-98-41-BB/LCS)

---

MARVIN BROWN,

        Plaintiff - Appellant,

    v.

CITY OF ALBUQUERQUE; ALBUQUERQUE POLICE DEPARTMENT; BRUCE MCALLISTER,

        Defendants - Appellees.

No. 98-2063

(D. New Mexico)

(D.C. No. CIV-98-42-MV/RJS)

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **MCKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

Marvin Brown, a state prisoner proceeding pro se, appeals the dismissal of four actions he brought pursuant to 42 U.S.C. § 1983. The district court denied Mr. Brown leave to proceed in forma pauperis and dismissed each of his civil rights complaints because it found that Mr. Brown had, on at least three prior occasions, filed a civil action that was dismissed as frivolous or malicious or for failure to state a claim.[1] See 28 U.S.C. § 1915(g). In support of this finding, the

_____

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]Under § 1915(g), a prisoner may not bring a civil action or appeal a judgment in a civil action or proceeding in forma pauperis if the prisoner has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on

(continued...)

district court cited the following three previous civil actions filed by Mr. Brown: Brown v. New Mexico District Court Clerks, No. CIV-96-0968 (D.N.M. Jan. 22, 1997); Brown v. McAllister, No. CIV-94-1462 (D.N.M. June 7, 1996); Brown v. Brennan, No. CIV-94-1010 (D.N.M. Sept. 30, 1994).

The threshold problem in each of these appeals, however, is that Mr. Brown does not have the requisite three "prior occasions." Although case number 96-0968 was dismissed by the district court for failure to state a claim, that dismissal was vacated by this court on appeal and thus cannot count as a "prior occasion." See Brown v. New Mexico District Court Clerks, No. 97-2044 (10th Cir. Mar. 19, 1998). Case number 94-1462, which was ultimately dismissed by this court as frivolous, see Brown v. McAllister, No. 97-2035 (10th Cir. Mar. 19, 1998), was only dismissed by the district court pursuant to a stipulated motion to dismiss the complaint. It therefore, can account for only one "prior occasion." Finally, while case number 94-1010 was dismissed by the district court as frivolous, there is no indication in the record that Mr. Brown appealed this dismissal. Thus, this case can also account for only one "prior occasion."

---

[1](...continued)
the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." This "three strikes" provision does not apply, however, where the prisoner is under imminent danger of serious physical injury, see 28 U.S.C. § 1915(g). The district court specifically found that none of Mr. Brown's civil rights complaints contained such an allegation.

Based on our calculations, therefore, Mr. Brown has only two "prior occasions," and the district court erred in dismissing his claim under § 1915(g). Accordingly, the judgment of the district court in each of these cases is VACATED, and they are REMANDED to the district court for further proceedings.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge